(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 1577 cv 00762

AGNI ARMENIS
........................................................................................................................, Plaintiff(s)

v.

MACY'S, INC., and CLINIQUE LABORATORIES, LLC
........................................................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant: CLINIQUE LABORATORIES, LLC

You are hereby summoned and required to serve upon Michael S. Lalikos, plaintiff's attorney, whose address is 5 Essex Green Drive, #26, Peabody, MA 01960, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the 19 day of May, in the year of our Lord two thousand fifteen

A true copy Attest:
Deputy Sheriff Suffolk County

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___.            _____

N.B.   TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20 . |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                          SUPERIOR COURT DEPT.
                                                    CIVIL ACTION NO.

AGNI ARMENIS,                       )
            Plaintiff               )
                                    )
v.                                  )
                                    )
MACY'S, INC., and                   )
CLINIQUE LABORATORIES, LLC,         )
            Defendants              )

## COMPLAINT AND JURY DEMAND

### COUNT I: NEGLIGENCE VS. MACY'S, INC.

1. Plaintiff Agni Armenis is a citizen of the Commonwealth residing at 180 Locksley Road, Lynnfield, Massachusetts.

2. Defendant Macy's, Inc., (hereinafter "Macy's") is upon information and belief a corporation with a usual place of business at Square One Mall, Route 1, Saugus, Massachusetts.

3. Defendant Clinique Laboratories, LLC, (hereinafter "Clinique") is upon information and belief a corporation with a usual place of business at Square One Mall, Route 1, Saugus, Massachusetts.

4. On or about December 26, 2013, plaintiff was lawfully upon the premises owned and/or controlled by the defendant Macy's located at said Square One Mall.

5. At that time, defendant Macy's owed the plaintiff a duty of reasonable care in the maintenance of its premises.

6. Defendant Macy's breached its duty of reasonable care to the plaintiff in its negligent maintenance of its premises due to a lighting apparatus with protruding legs being placed in an aisle in Macy's cosmetics department at Square One Mall, causing plaintiff to fall and injure herself.

7. As a proximate result of defendant Macy's negligence, plaintiff was seriously injured, sustaining injuries to her right shoulder, including a torn rotator cuff; her right elbow, including an impacted fracture of the right radial head; and aggravating her existing left hip injury, all of which require surgery; and other personal injuries, was prevented from transacting her usual business, suffered great pain of body and mind, and was obliged to expend sums of money for medical care and attendance.

WHEREFORE, plaintiff demands judgment against the defendant Macy's, Inc., in an appropriate amount, plus interest and costs, together with such other and further relief as may be just.

## COUNT II: NEGLIGENCE VS. CLINIQUE LABORATORIES, LLC

8. Plaintiff repeats and realleges paragraphs 1 through 7 above as if fully repeated herein.

9. On or about December 26, 2013, plaintiff was lawfully upon the premises occupied and/or controlled by the defendant Clinique located at said Square One Mall.

10. At that time, defendant Clinique owed the plaintiff a duty of reasonable care in the maintenance of its premises.

11. Defendant Clinique breached its duty of reasonable care to the plaintiff in its negligent maintenance of its premises due to a lighting apparatus with protruding legs being placed in an aisle in the Clinique section of Macy's cosmetics department at Square One Mall, causing plaintiff to fall and injure herself.

12. As a proximate result of defendant Clinique's negligence, plaintiff was seriously injured, sustaining injuries to her right shoulder, including a torn rotator cuff; her right elbow, including an impacted fracture of the right radial head; and aggravating her existing left hip injury, all of which require surgery; and other personal injuries, was prevented from transacting her usual business, suffered great pain of body and mind, and was obliged to expend sums of money for medical care and attendance.

WHEREFORE, plaintiff demands judgment against the defendant Clinique Laboratories, LLC, in an appropriate amount, plus interest and costs, together with such other and further relief as may be just.

PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES.

By her attorney,

Michael S. Lalikos
BBO #554973
SCHNEIDER & LALIKOS, LLP
5 Essex Green Drive, #26
Peabody, MA  01960
(978) 532-5200
mike.lalikos@s-l-law.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF ESSEX | DOCKET NO. |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| AGNI ARMENIS | MACY'S INC. & CLINIQUE LABORATORIES, LLC |

| Plaintiff Atty | Michael S. Lalikos | Type Defendant's Attorney Name |
|---|---|---|
| Address | 5 Essex Green Drive, #26 | Defendant Atty |
| | | Address |
| City | Peabody  State MA  Zip Code 01960 | City  State  Zip Code |
| Tel. 978-532-5200 | BBO# 554973 | |

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | ☑ Yes  ☐ No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses $ 7,162.00
 2. Total doctor expenses $ 1,513.00
 3. Total chiropractic expenses $
 4. Total physical therapy expenses $ 2,611.00
 5. Total other expenses (describe) $ 2,168.99
   Subtotal $ 13,454.99
B. Documented lost wages and compensation to date $
C. Documented property damages to date $
D. Reasonably anticipated future medical expenses $ 41,000.00
E. Reasonably anticipated lost wages and compensation to date $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff suffered permanent injuries to her right shoulder and elbow when she fell over a lighting fixture negligently placed in a store aisle by defendants. She requires arthroscopic rotator cuff repair surgery of her shoulder at an estimated cost of $25,000 and arthroscopic lysis of adhesions of her elbow at an estimated cost of $16,000.

Total $ 54,454.99

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____  Date: 5-5-15

A.O.S.C. 3-2007

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1577CV00762 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Agni Armenis vs. Macy's Inc et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Michael S Lalikos, Esq. Schneider & Lalikos, LLP 5 Essex Green Drive, Suite 26 Peabody, MA 01960 | | COURT NAME & ADDRESS Essex County Superior Court - Lawrence 43 Appleton Way Lawrence, MA 01841 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                   DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/06/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 09/08/2015 | |
| All motions under MRCP 12, 19, and 20 | 09/08/2015 | 10/05/2015 | 11/04/2015 |
| All motions under MRCP 15 | 09/08/2015 | 10/05/2015 | 11/05/2015 |
| All discovery requests and depositions served and non-expert despositions completed | 03/03/2016 | | |
| All motions under MRCP 56 | 04/04/2016 | 05/02/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/30/2016 |
| Case shall be resolved and judgment shall issue by | | | 05/08/2017 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED 05/12/2015 | ASSISTANT CLERK Philip Massa | PHONE (978)242-1900 |
|---|---|---|

Date/Time Printed: 05-12-2015 11:08:21

SCV026I 11/2014

# NOTICE REGARDING ALL CIVIL CASES

## OCTOBER 1, 2012

This notice and the attached Superior Court Standing Order 1-09 shall be served on all defendants, along with the complaint and summons.

Counsel should be aware that full compliance with Superior Court Standing Order 1-09, which became effective on January 12, 2009, will be expected on and after October 1, 2012. Interrogatory answers and responses to requests for documents, whether or not prepared before October 1, 2012, when before the Court in connection with motions to compel, will be considered after that date in light of the requirements of the Standing Order.

### SUPERIOR COURT STANDING ORDER 1-09
### WRITTEN DISCOVERY

(Applicable to All Counties)

1. **Uniform definitions in discovery requests**

(a) Incorporation by Reference and Limitations. The full text of the definitions set forth in paragraph (1)(c) is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation; (ii) the use of abbreviations; or (iii) a narrower definition of a term defined in paragraph (1)(c).

(b) Effect on Scope of Discovery. This rule is not intended to broaden or narrow the scope of discovery permitted by the Massachusetts Rules of Civil Procedure.

(c) Definitions. The following definitions apply to all discovery requests, unless otherwise ordered by the court:

(1) *Communication.* The term "communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

(2) *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in *Mass. R. Civ. P. 34(a)*. An earlier draft is a separate document within the meaning of this term.

(3) *Identify (With Respect to Persons).* When referring to a natural person, to "identify" means to give, to the extent known, the person's (a) full name, (b) present or last known address, and (c) the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Entities).* When referring to an entity, to "identify" means to give, to the extent known, (a) the entity's full name, including (when not apparent from the name) the nature of the entity, e.g. corporation, limited liability corporation, partnership, or professional corporation, (b) present or last known address of its headquarters or principal place of business, and (c) the state in which the entity is incorporated or otherwise created. Once an entity has been identified in accordance with this subparagraph, only the name of that entity need be listed in response to subsequent discovery requesting the identification of that entity.

(5) *Identify (With Respect to Documents).* When referring to documents, to "identify" means to give, to the extent known: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the author or authors, according to the document; and (e) the persons to whom, according to the document, the document (or a copy) was to have been sent.

(6) *Parties.* The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, and subsidiaries. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

37

(7) *Person.* The term "person" means any natural person or any business, legal, or governmental entity.

(8) *Concerning.* The term "concerning" means referring to, describing, offering evidence of, or constituting.

(9) *State the Basis or State all Facts.* When an interrogatory calls upon a party to "state the basis" of or "state all facts" concerning a particular claim, allegation, or defense (or uses comparable language), the party shall provide a substantial summary of the factual basis supporting the claim, allegation, or defense at the time the interrogatory is answered. The summary shall: (a) identify the essential acts or failures to act forming the substance of the claim, allegation, or defense, (b) identify the persons and entities that, through firsthand information or possession of documents, are the sources of the party's information regarding the claim, allegation, or defense, and (c) when one or more documents is the basis of the claim, allegation, or defense, such as a written contract in a contractual claim or defense, or a written misrepresentation in a misrepresentation claim, identify (or provide as part of the interrogatory answer a copy of) each such document. In stating the basis, a party may not withhold information from the interrogatory answer because it derives from attorney work product or was obtained in anticipation of litigation if the party intends to offer this information at trial.

2.  Objections to Interrogatories

General objections to interrogatories are prohibited. Each objection to an interrogatory shall be specific to that interrogatory and shall have a good faith basis. If a party refuses to answer an interrogatory, the party shall so state and identify each objection asserted to justify the refusal to answer. If a party, after having asserted an objection, answers the interrogatory, the answer shall state either: (a) notwithstanding the objection no information has been withheld from the answer, or (b) information has been withheld from the answer because of the objection. Where information has been withheld from the answer, the objecting party shall describe the nature of the information withheld and identify each objection asserted to justify the withholding.

3.  Objections to Requests for the Production of Documents and Things

(a) Where a party serves a response to a request for production of documents and things under Mass. R. Civ. P. 34 before production is completed, the response may include general objections. However, where general objections are made, the responding party shall prepare and serve a supplemental response no later than 10 days after the completion of production.

(b) Once production is completed, general objections to requests for production of documents and things are prohibited. As to each request, the supplemental response shall state either: (i) notwithstanding prior general objections, all responsive documents or things in the possession, custody, or control of the responding party have been produced; (ii) after diligent search no responsive documents or things are in the possession, custody, or control of the responding party; or (iii) the specific objection made to the request. When specific objection is made, the response shall describe the nature of all responsive documents or things in the possession,

custody, or control of the responding party that have not been produced because of the objection. Where a privilege log is required by Mass. R. Civ. P. 26(b)(5) or court order, the log shall be served with the supplemental response, unless the requesting party waives entitlement to the log or agrees to a later date for service.

(c) In the initial written response, the responding party shall articulate with clarity the scope of the search conducted or to be conducted. If the scope of the search changes during production, the responding party in the supplemental written response shall articulate with clarity the change in scope. If the scope of the search does not include all locations, including electronic storage locations, where responsive documents or things reasonably might be found, the responding party shall explain why these locations have been excluded from the scope of the search.

_____
Barbara J. Rouse
Chief Justice
Superior Court

Adopted Effective: January 12, 2009